1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PATRICIA COTNER,

11                Plaintiff,                      No. CIV S-09-2657 KJN (TEMP)

12          vs.

13    MICHAEL J. ASTRUE,
      Commissioner of Social Security,
14
                   Defendant.                    ORDER
15    _____/

16          Pending before the court is plaintiff's motion for an award of attorneys' fees under

17    the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on

18    2.1 hours in 2009 at the rate of $172.24 per hour for attorney time, and 49.3 hours in 2010 and

19    2011 at the rate of $174.64 per hour, for a total amount of $8,971.45  Defendant contends fees

20    under the EAJA should not be awarded because the government's position was substantially

21    justified.  In the event fees are awarded, defendant contends that the amount of hours claimed is

22    unreasonable.

23          A.  Substantial Justification

24          The EAJA provides that the prevailing party in a civil action against the United

25    States may apply for an order for attorneys' fees and expenses within thirty days of final

26    judgment in the action.   An applicant for Social Security benefits receiving a remand under

                                                  1

sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment.  See Order filed March 15, 2011 (dkt. no. 22).  Therefore, plaintiff is presumptively entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant contends an award of fees is inappropriate where the ALJ is

2

1 reversed for a failure to weigh conflicting medical evidence properly, citing Albrecht v. Heckler,

2 765 F.2d 914, 916 (9th Cir. 1985).  Albrecht is inapposite.  The instant case did not involve

3 failure to weigh conflicting evidence properly, but rather was a case where the ALJ totally

4 ignored certain evidence favorable to plaintiff and ignored the direct command of the Appeals

5 Council.  See March 15, 2011 Order at 11:9-21 (dkt. no. 22).  In marked contrast to the prior

6 opinion of the ALJ, which was remanded by the Appeals Council, the ALJ's decision at issue

7 here failed to even acknowledge the state agency opinions, and in weighing the conflicting

8 medical opinions, addressed only the opinion of Dr. Senegor and  ignored the opinion of

9 examining orthopedist Dr. Miller.  Administrative Transcript ("AT") 41, 100, 629-36, 642-49.

10 Under these circumstances, the court cannot find that the government's position was substantially

11 justified.  Accordingly, fees under the EAJA will be awarded.

12    B.  Reasonable Fees

13    The EAJA directs the court to award reasonable fees.  In determining whether a

14 fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the

15 results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart,

16 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant argues that

17 plaintiff's claim of over fifty hours of attorney time spent on this case is unreasonable.

18    In reviewing the transcript, briefing on the cross-motions for summary judgment

19 and order granting remand in this case, and the time expended on tasks as set forth in plaintiff's

20 schedule of hours, the court has determined the hours claimed are reasonable.  With respect to

21 the amount of time claimed by counsel, the court notes counsel did not represent plaintiff at the

22 administrative level and had to become familiar with the case, which included a 1,583 page

23 administrative transcript, which in this court's experience is almost four times the ordinary page

24 length of administrative transcripts.  The court has reviewed the hours claimed by counsel and

25 finds no reason to believe that they are inflated.  Defendant complains that plaintiff's counsel

26 spent too much time summarizing the medical evidence and that the 24 hours claimed for this

3

1    task should be reduced by one third.  However, the court's scheduling order specifically requires

2    counsel to provide a summary of relevant medical evidence.  Scheduling Order at 3:12-14 (dkt.

3    no. 4).  Moreover, counsel's description of services performed indicates that of the 24 hours cited

4    by defendant, part of that time was devoted to argument I of plaintiff's brief, which included 4

5    parts, addressing various errors assigned to the ALJ with respect to the medical evidence.  Given

6    the length of the administrative transcript, the numerous impairments claimed by plaintiff, and

7    the complex surgical history, the court finds counsel should be paid for all of the claimed hours

8    of attorney time.

9            The EAJA award must be made by this court to plaintiff, and not to counsel.  See

10   Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521 (2010).

11           Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are

12   awarded to plaintiff in the amount of $8,971.45.

13   DATED:  July 28, 2011

14

15                                            _____

16                                            KENDALL J. NEWMAN
                                             UNITED STATES MAGISTRATE JUDGE

17   /cotner.fee

18

19

20

21

22

23

24

25

26